UNITED STATES DISTRICT COURT

FOR THE WESTERN OF TEXAS

| | |
|---|---|
| AMERINOR, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SANARA WELLNESS, LLC, AND ALLISON FULLMER,<br><br>　　　　Defendants. | Civil Action No.:<br>1:20-CV-1022-JRN |

**AMENDED COMPLAINT**

**COUNT ONE**

**I.**     The court has jurisdiction under 15 U.S.C.A. § 1121, and 28 U.S.C.A. § 1338(a) in that this case arises under the Trademark Laws of the United States, 15 U.S.C.A. §§ 1051 et seq.

**II.     Status of Parties**

Plaintiff is a limited liability corporation incorporated under the laws of the State of Texas, having its principal place of business at 2225 Ambush Canyon in the City of Leander, County of Travis, State of Texas. Defendant Sanara Wellness, LLC is a limited liability corporation incorporated under the laws of the State of Texas, having its principal place of business at 605 Goliad Drive in the City of Keller County of Tarrant, State of Texas. Defendant is qualified to do business and is doing business in the State of Texas. Defendant Allison Fullmer is an individual resident of Texas residing at 605 Goliad Drive, Keller, Texas 76248.

**III.     Venue**

Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Defendants maintain a

website and social media presence which has presented goods and services bearing the "SANARA" to consumers and potential consumers worldwide. The social media presences are extended though its users (sometimes "followers"), in that the efforts made on the Facebook and Instagram platforms is presented to consumers and potential consumers across Texas and in Travis County, Texas. Defendant Allison Fullmer maintains a personal Facebook page "Allison Fullmer" (www.facebook.com/allison.fullmer.90) which has presented goods and services bearing the "SANARA" to consumers and potential consumers worldwide.

**IV.     Ownership of Federally Registered Trademark**

On or about September 26, 2017, plaintiff adopted the mark "SANARA" and has used it in interstate commerce for (1) cosmetics and cleaning substances, including cosmetic bath milks; bath oils; bath soaps; cosmetics; facial masks; facial scrubs; lip balm; non-medicated soaps; oils for cosmetic purposes; perfumes; bath oils; non-medicated bath salts; non-medicated skin serums; non-medicated skin care preparations, namely, creams, eye creams, face and body lotions, gels, toners, cleaners and peels; personal deodorants; cosmetic preparations for body care; cosmetics; cosmetic preparations and make-up; and beginning on or about October 30, 2017, (2) healthcare, beauty, and agricultural services, including wellness and health-related consulting services; consulting services in the field of mental health and wellness; providing information about beauty; providing news and information in the field of personal beauty; providing a web site featuring information in the field of mental health and wellness; providing a web site featuring information on health and nutrition; providing a website featuring information in the field of skin care, mental, and physical health; providing a web site featuring information in the field of mental health and physical health, including living a healthy and disease free life; providing a website featuring information about health and wellness, namely, skin care, health, beauty care, and healthy living;

providing a website featuring information regarding healthy living and lifestyle wellness; providing information, news and commentary in the field of nutrition, health and wellness; providing on-line information, news and commentary in the field of health and wellness relating to healthy lifestyle, healthy cooking and eating, alternative therapies, fitness, and workouts ever since. On October 4, 2017, plaintiff filed an application for registration of such mark in the United States Patent and Trademark Office. On July 31, 2018, the mark was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 covering the use of the mark on cosmetics and cleaning substances, including cosmetic bath milks; bath oils; bath soaps; cosmetics; facial masks; facial scrubs; lip balm; non-medicated soaps; oils for cosmetic purposes; perfumes; bath oils; non-medicated bath salts; non-medicated skin serums; non-medicated skin care preparations, namely, creams, eye creams, face and body lotions, gels, toners, cleaners and peels; personal deodorants; cosmetic preparations for body care; cosmetics; cosmetic preparations and make-up. A copy of the registration is attached and marked "Exhibit A." Such registration is now outstanding and valid. On September 21, 2018, plaintiff filed an application for registration of such mark in the United States Patent and Trademark Office. On April 7, 2020, the mark was registered in the United States Patent and Trademark Office on the Principal Register under the Act of 1946 covering the use of the mark in healthcare, beauty, and agricultural services, including wellness and health-related consulting services; consulting services in the field of mental health and wellness; providing information about beauty; providing news and information in the field of personal beauty; providing a web site featuring information in the field of mental health and wellness; providing a web site featuring information on health and nutrition; providing a website featuring information in the field of skin care, mental, and physical health; providing a web site featuring information in the field of mental health and physical health, including living a

healthy and disease free life; providing a website featuring information about health and wellness, namely, skin care, health, beauty care, and healthy living; providing a website featuring information regarding healthy living and lifestyle wellness; providing information, news and commentary in the field of nutrition, health and wellness; providing on-line information, news and commentary in the field of health and wellness relating to healthy lifestyle, healthy cooking and eating, alternative therapies, fitness, and workouts. A copy of the registration is attached and marked "Exhibit B." Such registration is now outstanding and valid.

## V.   Plaintiff's Use of Registered Mark

Plaintiff has, since on or about September 26, 2017, used the above-described mark to identify its products and services, and to distinguish them from those made, sold, or provided by others, by, among other things, prominently displaying the mark on the products, their containers, and the displays associated with its products. In addition, plaintiff has prominently displayed the mark on advertising, bills, periodicals, letterheads, direct mailings, email signatures, social media accounts all having been distributed throughout the United States.

## VI.   Defendants' Infringement of Federally Registered Mark

Defendants have infringed plaintiff's mark in interstate commerce by various acts, including operating a store at 2008 East State Highway 114, Southlake, Texas 76092 under the name "Sanara Yoga and Wellness," and selling, offering for sale and advertising its products under that name. Operating the website www.sanarawellness.com, the Facebook accounts "Sanara Yoga & Wellness" (www.facebook.com/sanarawellness), "Allison Fullmer" (www.facebook.com/allison.fullmer.90), and the Instagram account "sanarawellness" (www.instagram.com/sanarawellness). Defendants have offered various goods, products and services, including but not limited to wellness and health-related services, mental health and

wellness, healthy lifestyle, fitness, and workouts. A copy of some of such offereings is attached as "Exhibit C." Defendants offerings use the "SANARA" mark both through online platforms, including websites and social media platforms, and in their physical operations. The use of "SANARA" by defendants is without permission or authority of plaintiff is likely to cause confusion, to cause mistake, and to deceive.

**VII.   Intent of Defendants**

Defendants' alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion and mistake and to deceive. By way of example, Plaintiff's branding often incorporates a simplified tree displayed from the side, and Defendant Sanara Wellness, LLC has adopted deceptively similar branding with a similarly simplified tree, however, displayed top down.



Example of Plaintiff's Branding



Example of Defendant's Branding

**VIII.  Notice to Defendants if Damages Are Demanded**

Since on or about July 31, 2018, plaintiff has given notice that its mark is registered in the United States Patent and Trademark Office by displaying with the mark as used the letter "R" enclosed within a circle. Plaintiff has requested that defendants cease and desist from acts of trademark infringement and has given defendants actual notice of plaintiff's registration, but defendants have refused to cease such acts.

**COUNT TWO**

**Unfair Competition by Infringement of Common-Law Rights**

**IX.**     Plaintiff realleges, as if fully set forth, the allegations of Paragraphs I through VIII, inclusive, of COUNT ONE.

**X.**     The previously mentioned acts of defendants constitute unfair competition and an infringement of plaintiff's common-law rights in its above-described trademark.

**XI.**     Plaintiff has used the above-described trademark continuously since September 26, 2017, to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the trademark on the goods, their containers, and displays associated with the goods. In addition, plaintiff has prominently displayed the mark on advertising, bills, periodicals, letterheads, direct mailings, email signatures, social media accounts all having been distributed throughout the United States. The goods and advertising have been distributed in the trade area where defendant is engaged in business. As a result of the sales and advertising by plaintiff under its trademark, the mark has developed and now has a secondary and distinctive trademark meaning to purchasers in defendants' trade area. The mark has come to indicate to such purchasers a product originating only with plaintiff. As a result of the association by purchasers of the mark with plaintiff, defendants' use of the mark is likely to

cause confusion to such purchasers.

**XII.** Defendants have infringed plaintiff's mark as alleged with the intent to deceive the public into believing that goods sold by defendants are made by, approved by, sponsored by or affiliated with, plaintiff. Defendants' acts, as alleged, were committed with the intent to pass off and palm off defendants' goods as the goods of plaintiff, and with the intent to deceive and defraud the public.

## COUNT THREE

**Violation of Lanham Act by Use of False Designation in Interstate Commerce**

**XIII.** Plaintiff realleges, as if fully set forth, the allegations of Paragraphs I through VIII inclusive of COUNT ONE.

**XIV.** Defendant has caused goods to enter into interstate commerce with the designation and representation "SANARA" connected therewith. Defendants' use of "SANARA" is a false description and representation that such goods are made by, sponsored by or affiliated with plaintiff. Defendants' acts are in violation of 15 U.S.C.A. § 1125(a), in that defendant has used in connection with goods and services a false designation of origin and a false description or representation, including words and other symbols tending falsely to describe or represent the same, and has caused such goods and services to enter into interstate commerce. Plaintiff believes that it is likely to be damaged by such false description and representation by reason of the likelihood that purchasers will be confused as to the true source, sponsorship or affiliation of defendants' goods.

**XV.** By reason of defendants' alleged acts, plaintiff has suffered, and will continue to suffer, damage to its business, reputation, and goodwill and has lost sales and profits that plaintiff would have made but for defendants' acts.

**XVI.** Defendants threaten to continue to do the acts complained of, and unless enjoined, will continue to do so, all to plaintiff's irreparable damage. It would be difficult to ascertain the amount of compensation which would afford plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Therefore, plaintiff's remedy at law is not adequate to compensate it for its injuries.

Therefore, plaintiff requests that:

1. This court grant an injunction pursuant to the powers granted it under 15 U.S.C.A. § 1116, enjoining defendants and their agents, servants, and employees from directly or indirectly using the name "SANARA" or any mark, word, or name similar to plaintiff's mark which is likely to cause confusion or mistake or to deceive;

2. This court, pursuant to the power granted it under 15 U.S.C.A. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendants bearing the mark "SANARA" and all plates, molds, and other means of making the same be delivered and destroyed;

3. Defendants be required to account to plaintiff for any and all profits derived by defendants from the sale of its goods and for all damages sustained by plaintiff by reason of the acts of infringement and unfair competition complained of;

4. The court award plaintiff treble the amount of actual damages suffered by plaintiff, pursuant to 15 U.S.C.A. § 1117, or that the court award plaintiff punitive and exemplary damages in the sum of $300,000.00 by reason of defendants' fraud and palming off;

5. Costs of this action be awarded plaintiff;

6. Plaintiff be awarded its reasonable attorney's fees; and

7. The court grant such other and further relief as it deems just and proper.

8

Dated: December 17, 2020

                                      Respectfully submitted,
                                      LAW OFFICE OF ROBERT HOUSE, PLLC

                                      By: /s/Robert A. House
                                      Robert A. House
                                      State Bar of Texas: 24071591
                                      6500 River Place Boulevard
                                      Building 7, Suite 250
                                      Austin, Texas 78730
                                      E-mail robert@roberthouselaw.com
                                      Tel. 512-200-4878
                                      Fax 866-300-6927
                                      ATTORNEY IN CHARGE FOR
                                      PLAINTIFF, AMERINOR, LLC

## **CERTIFICATE OF SERVICE**

    I certify that on December 17, 2020, a copy of the foregoing Amended Complaint was served upon counsel for Defendants via the ECF filing system.

                                        /s/Robert A. House
                                        Robert A. House