**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **AMERINOR, LLC,** § | | |
| *Plaintiff* § | | |
| § | | **A-20-CV-01022-JRN** |
| -vs- § | | |
| § | | |
| **SANARA WELLNESS LLC, ALLISON** § | | |
| **FULLMER,** § | | |
| *Defendants* § | | |

## ORDER

Before the Court in the above-entitled and styled cause of action is Defendants' Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Improper Venue, or, in the Alternative, Transfer. (ECF No. 13). Defendants filed their motion on January 18, 2021. Plaintiff Amerinor, LLC filed its response on February 1, 2021. (ECF No. 14). Defendants filed their reply on February 8, 2021. (ECF No. 15). Upon consideration of the above briefing, the Court will GRANT Defendants' motion, dismiss Allison Fullmer in her individual capacity with prejudice, and dismiss the case for improper venue.

### I.  LEGAL STANDARD

**a.  Motions to Dismiss under Rule 12(b)(6)**

Upon motion or *sua sponte*, a court may dismiss an action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded facts, viewing them in the light most favorable to the nonmovant. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court need not blindly accept each and every allegation of fact;

properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions "masquerading as a factual conclusion." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009).

To survive the motion to dismiss, a nonmovant must plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund v. (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678. The plausibility standard, unlike the "probability requirement," requires more than a sheer possibility that a defendant acted unlawfully. *Id.* Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 545. The pleading standard announced in Rule 8(a)(2) does not require detailed factual allegations but demands greater specificity than an unadorned "the-defendant-unlawfully-harmed-me accusation." Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Nor is a complaint adequate if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* at 557. Evaluating the plausibility of a claim is a context-specific process that requires a court to draw on its experience and common sense. *Iqbal*, 556 U.S. at 663–64.

### b. Motions to Dismiss for Improper Venue

A party may move to dismiss an action based on improper venue pursuant to Rule 12(b)(3). *See* Fed. R. Civ. P. 12(b)(3). When a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper. *See Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011). When considering a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). Thus, a plaintiff may show that venue is proper by "setting forth facts that taken as true would establish venue." *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).

If venue is improper, 28 U.S.C. § 1406(a) instructs courts to "dismiss or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to dismiss or transfer lies within the court's discretion. *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012) (citing *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967)).

## II. DISCUSSION

### a. Background

Plaintiff is the owner of the registered trademark "SANARA" and has used it in the practice of selling beauty and cosmetics products as well as wellness and health services online.

*See* (Am. Compl., ECF No. 12, at 2). Defendants operate a yoga studio in Southlake, Texas under the name "Sanara Yoga and Wellness" and market their business online. *Id.* Plaintiff filed this action in state court in Travis County, Texas alleging violation of the Lanham Act, 15 U.S.C. §1051 *et seq.*, and Unfair Competition. The case was removed to this Court on October 6, 2020. (ECF No. 1).

### b. Defendants' Motion to Dismiss Allison Fullmer

Defendant Allison Fullmer is the owner of the corporate Defendant, Sanara Wellness LLC. Defendants jointly argue that Plaintiff has failed to state a claim upon which relief can be granted as to Fullmer in her individual capacity—that is, outside of her capacity as an owner of the business. *See* (Mot., ECF No. 13, at 4).

The only direct discussion of Fullmer is a reference to her personal social media profiles, whereupon she claims to be the owner of the business and shares or references posts made on the business's separate social media profiles. Plaintiff argues that this social media presence is sufficient to pierce the corporate veil and hold Fullmer personally responsible for the alleged trademark infringement.

This argument is patently absurd for reasons pertaining both to the law and to common sense. First, under Texas law, a corporation or LLC is a separate legal entity that protects its owners from personal liability, and the mere fact that an individual is an owner or partial owner is insufficient to destroy that protection or pierce the corporate veil. *See In re Antone's Records, Inc.*, 445 B.R. 758, 785 (Bankr. W.D. Tex. 2011) (citing *Seidler v. Morgan*, 277 S.W.3d 549, 558 (Tex. App.—Texarkana 2009, pet. denied); *see also Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 665 n. 9 (W.D. Tex. 2019) ("Although [Texas law] refers to

corporations, the principles applicable to piercing the corporate veil apply equally to limited liability companies.") (cleaned up).

To succeed in piercing the veil on a theory that the company and its ownership are "alter egos," Plaintiff has to prove it is necessary to hold the individual liable, as opposed to the corporate form, in order to avoid a substantial injustice to the plaintiff. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990). This is a large burden to overcome. *See Rimade Ltd. v. Hubbard Enters., Inc.*, 388 F.3d 138, 145 (5th Cir. 2004) (protecting a defendant who had not taken a salary from a company for years). Plaintiff's response does not discuss piercing the corporate veil. In fact, Plaintiff does not defend its suit against Fullmer personally in any way other than to say in a conclusory manner that her use of her personal social media pages to promote her business makes her susceptible to liability. To suggest that such social media use establishes that the business "was formed and operated to serve as a tool or conduit of a person as an 'alter ego'" is an argument not deserving of further attention. *See Willis v. Donnelly*, 199 S.W.3d 262, 277 (Tex. 2006).

On a more practical note, to suggest that an individual's discussion or promotion of her business on her personal social media pages opens her up to individual liability is so ridiculous the Court questions the good faith of Plaintiff's counsel. It appears Plaintiff envisions a world in which a business owner must keep her profession a secret to ensure continued protection by state incorporation laws. Nevertheless, that is *not* the law in Texas, and it is *not* a world the Court will bring to fruition here. The partial Motion to Dismiss under Rule 12(b)(6) is granted, and Allison Fullmer is dismissed in her individual capacity with prejudice.

    c. **Motion to Dismiss for Improper Venue**

Defendants also bring a motion to dismiss under Rule 12(b)(3), arguing that venue is improper in the Western District of Texas. More specifically, Defendants argue that the corporate defendant, Sanara Wellness LLC resides in the Northern District of Texas as its sole place of business is in Southlake, Texas and its registered agent is in Keller, Texas. *See* (Mot., ECF No. 13, at 6).

A court may dismiss or transfer a case if it was filed in the "wrong" division or district. 28 U.S.C. § 1406(a). According to 28 U.S.C. §1391(b), venue is proper in a diversity action in:

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff asserts that venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in the Western District. In support of this claim, Plaintiff once again points to social media, and argues that Defendants' social media accounts "are interactive and solicit interaction from residents of Travis County, Texas." Plaintiff further points to *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) for the point that, when the Fifth Circuit considered an online bulletin board that was interactive, the district court was obliged to "examine the extent of interactivity and nature of the forum contacts."

Even if Defendants have occasionally solicited business from individuals in Travis County, that is insufficient to establish proper venue. Instead, the selected district's contacts must be *substantial*. *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. Appx. 363, 365 (5th Cir. 2008) (emphasis added). "That means for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

But Plaintiff does not even provide support for its assertion that Defendants target customers in Travis County. In fact, of the fifteen screenshots and pictures of social media posts that Plaintiff attaches to its complaint, *none* of them mention Travis County or any area within the Western District and seven specifically mention or provide a location in Southlake. Plaintiff has not pointed to any conversations between employees of Sanara Wellness wherein those employees encouraged Travis County residents to travel the roughly 213 miles from Austin to Southlake in order to take a yoga class. It appears that by "solicit interaction from residents of Travis County, Texas," Plaintiff is really saying the social media accounts are available to everyone, including such residents. This is absolutely insufficient to show that a *substantial* portion of events giving rise to the claims occurred in the Western District, even if social media interactions alone could justify such a finding under different circumstances.[1]

Finally, Plaintiff does not respond to Defendants' evidence that shows they do not, in fact, target or seek customers in the Western District. Defendants attached to their motion an affidavit from Fullmer stating that her business: (a) does not target people in the Western District

---

[1] Both parties point to *Revell*, 317 F.3d at 470 for the proposition that the Court should consider whether the websites in question are "passive" or "interactive." However, Plaintiff does not even provide the Court with an *argument* that the websites in question are interactive by showing examples of Defendants' employees interacting with customers or potential customers on the sites, much less customers in the Western District of Texas. Thus, consideration of the interactivity of the websites is impossible and unnecessary.

of Texas, (b) includes the phrase "Conveniently Located in the Heart of Southlake" on its website, (c) does not sell any products online, including to Travis County residents, (d) has a phone number with a Southlake area code, (e) does not advertise a toll-free number because it does not target out-of-area customers, and (f) creates social media posts aimed at driving business to the sole studio location in Southlake. *See* (Fullmer Aff., ECF No. 13-2, at 1–2).

The Court finds that no portion at all—certainly not a *substantial* portion—of the events giving rise to this dispute occurred in Travis County or the Western District of Texas. Because no other argument is made that venue is proper here, the Court finds that venue is improper.

It is within the Court's discretion to dismiss or transfer the case to the proper venue. *See Dubin*, 380 F.2d at 815. Because Plaintiff has demonstrated by its response to Defendants' motion that it is satisfied with conclusory arguments and half-baked legal theories, the Court will dismiss the case. If Plaintiff maintains its desire to sue, it may refile in the proper district against the corporate defendant only.

### d. Motion to Transfer

Because the Court has determined that venue is improper in the Western District of Texas, it does not need to consider the Motion to Transfer on grounds of *forum non conveniens*.

### III. CONCLUSION

For the reasons described herein, the Court enters the following orders:

**IT IS ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, Transfer (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Allison Fullmer is **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE** for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

SIGNED this 17th day of February, 2021.

JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE