IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **AMERINOR, LLC,**<br>　　　　*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | **A-20-CV-01022-JRN** |
| **SANARA WELLNESS LLC, ALLISON FULLMER,**<br>　　　　*Defendants* | §<br>§<br>§<br>§ | |

# ORDER

Before the Court in the above-entitled and styled cause of action is Defendants' Motion for Attorney Fees (Dkt. 21).

This is a trademark case brought under the Lanham Act revolving around the Defendants' use of the name "Sanara Yoga and Wellness" for their yoga studio in Southlake, Texas. Plaintiff is the owner of the trademark "SANARA" and has used it in the practice of selling cosmetic products online. On February 17, 2021, the Court entered an order granting Defendants' motion to dismiss Allison Fullmer from the case and to dismiss the case itself for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See generally* (Order, Dkt. 17). The Defendants' instant motion asks the Court to award attorney fees sufficient to cover the cost of litigating the case in this district.

The Lanham Act authorizes a court to award attorney fees "in exceptional cases." 15 U.S.C. § 1117(a). The Supreme Court has held that an "exceptional case" is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case

was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *see also Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (same).

Applying the Supreme Court's directive, the Court will not grant attorney fees in this action. First, while the Court's order makes clear that Defendant Allison Fullmer should not have been sued, and neither defendant should have been sued in Travis County, those concepts do not directly relate to the strength of Plaintiff's "litigating position." The Court has not commented and does not comment now on the strength of Plaintiff's trademark claims against the corporate defendant; the Court simply does not find that those claims are "substantively weak" in comparison to similar Lanham Act claims. Thus, Defendants may not obtain attorney fees under the first *Octane Fitness* prong.

Second, Defendants argue that the case was litigated in an unreasonable manner because (a) venue was never proper in the Western District of Texas and (b) Plaintiff persisted in claims against Defendant Fullmer without any cognizable basis for a finding of direct or vicarious liability against her. (Mot., Dkt. 21, at 4). The Court's previous order agreed with Defendants regarding the legal error of those two concepts, but there is a difference between being *wrong* and being *unreasonable*. Plaintiff relied on Fifth Circuit precedent in arguing that promoting one's business on internet forums, knowing those promotions may be seen by individuals in a certain district, could be grounds for a finding of minimum contacts with that district. As the Court explained in its previous order, that is a gross misapplication of the precedent, but Plaintiff is not inherently unreasonable because it proffered a weak argument. Similarly, Plaintiff was legally wrong to sue Defendant Fullmer in her individual capacity and to not discuss the elements for piercing the corporate veil. But Plaintiff's choice to stand behind an argument the Court later found unconvincing is not inherently unreasonable.

For these reasons, **IT IS ORDERED** that Defendants' Motion for Attorney Fees (Dkt. 21) is **DENIED**.

SIGNED this 31st day of March, 2021.

_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE